UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT ELLIS,

    Plaintiff,

  v.

S. PEERY,

    Defendant.

Case No. 15-cv-02170-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 claiming that an attorney negligently failed to raise two claims on appeal of Plaintiff's state court conviction.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff was convicted in 1998 of first-degree murder. His conviction was affirmed on appeal in 2001. The California Court of Appeal denied a habeas petition in 2006. In 2012, the Alameda County Superior Court denied a habeas petition based on three procedural defects: (1) Plaintiff had not raised his claims on direct appeal, (2) there was excessive delay in filing the petition; and (3) the petition was successive.

Petitioner's first federal habeas petition was denied in 2003, and his multiple efforts to file a successive federal habeas petition in this court were denied between 2009 and 2013. *See* 28 U.S.C. § 2244(b). In 2013 and 2014, the United States Court of Appeals for the Ninth Circuit denied Petitioner's application for authorization to file a successive federal petition. *See id.*

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 1 at 4.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

The initial problem with Plaintiff's complaint is that he names the wrong defendant. He names the Warden of his prison as a Defendant, but his claims are against the attorney who represented him in his appeal of his state court criminal judgment, Stephen B. Bedrick. This mistake could easily be corrected by amendment, so the Court addresses his claims as if Mr. Bedrick were the named defendant.

Plaintiff claims that Mr. Bedrick was negligent because he failed to raise two claims on appeal. According to Plaintiff, this rendered the claims procedurally barred from review by the state and federal courts. He seeks 21 million dollars in damages, and to have counsel appointed to investigate "this matter." (Compl. at 3.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims of negligence by an attorney are not based on federal law and so are not cognizable under Section 1983. *See Franklin v. Oregon*, 662 F.2d 1337, 13445 (9th Cir. 1981) (claims of legal malpractice not cognizable in federal court). Accordingly, Plaintiff's claim that Mr. Bedrick was negligent, even when liberally construed, is not cognizable.

Moreover, even if Plaintiff could amend his complaint to assert a violation of his federal constitutional right to due process, which guarantees effective assistance of counsel on appeal of a state court criminal judgment, *see Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985), his claims would still not be cognizable because Mr. Bedrick is not a state actor. Defendants in state court prosecutions cannot generally sue their lawyers under Section 1983 for mistakes in their representation. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *cf. Vermont v. Brillon*, 556 U.S. 81, 84 (2009) (state court erred in ranking assigned counsel essentially as state actors for purposes of evaluating speedy trial claim). A private attorney representing a defendant or appellant also is not a state actor. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). From the exhibits, it appears that Mr. Bedrick is a private attorney who was either hired or assigned to represent Plaintiff in his criminal appeal. In either case, Plaintiff's allegations against him fall squarely within the scope of work that *Polk County* has determined is not actionable under Section 1983, namely alleged errors in the representation of Plaintiff in his state court criminal proceedings. For this reason, such claims may not proceed.

In addition, the claims against Mr. Bedrick for damages are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence

3

already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would necessarily imply that the conviction or other decision was invalid. *Id.* at 487. The *Heck* rule bars Plaintiff's Section 1983 claims against Mr. Bedrick because success on those claims would call into question the validity of Plaintiff's state court judgment. *See generally Smith v. Robbins*, 528 U.S. 259, 285 (2000) (ineffective assistance of appellate counsel claim requires showing of deficient performance and prejudice, i.e., but for counsel's failure "he would have prevailed on his appeal"). Accordingly, Plaintiff's claims that he received ineffective assistance of counsel on appeal must be dismissed without leave to amend.

## CONCLUSION

The complaint is DISMISSED without prejudice to Plaintiff bringing his claims in a federal habeas proceeding if he receives the authorization from the Court of Appeals for filing a second or successive federal habeas petition.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 29, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4